## HILLSBOROUGH.

---

### LITCHFIELD *v.* PARKER.

A town has possession of the volumes of New Hampshire Reports, statutes, Pamphlet Laws, and other books and documents by law distributed to the several towns, for the use of its inhabitants, and to enable them and its officers to become informed of the laws and official business of the state, and cannot lawfully make any disposition or use of the books inconsistent with that object.

ASSUMPSIT, for the use of books and pamphlets.   The facts found by a referee appear in the opinion.

*J. H. Andrews* and *J. W. Center*, for the plaintiff.

*W. W. Bailey* and *J. B. Parker*, for the defendant.

ALLEN, J.   In August, 1878, at the request of the defendant, an attorney at Nashua, the selectmen of the plaintiff town agreed with him that he should collect the New Hampshire Reports and Pamphlet Laws belonging to their town, take them to his office in Nashua, keep them insured for the benefit of the town, give the officers of the town all the advice they should require about town affairs during the time he might hold the books, and for this consideration he should have the use of the books without other charge until such time as the town might desire to sell them or have them returned.

The defendant gathered the books, which were scattered in the hands of several persons, kept them at his office, and had the sole use of them until 1886, when by vote of the town they were returned to Litchfield. The defendant procured insurance upon the books as agreed, and gave the officers of the town all the advice they called for. In 1881 another board of selectmen sent a written order to the defendant to deliver the books to another attorney, which the defendant refused to do, but agreed to pay ten dollars a year for the use of the books from that time, in case it should be found that he could not hold them under the contract of 1878.

The plaintiff had no absolute title to the books and pamphlets in question. Its possession of the property was not coupled with an interest acquired by purchase; and by whatever title it held them, it was not such as to enable it to make the contract under which the defendant claimed to hold them.

The distribution of the books by the state to the several towns is a part of the mode of publishing the statutes and judicial decisions for the information of the inhabitants and officers of each town, and the town could make no disposition or use of them inconsistent with the purpose for which they are delivered and received. By the present law (G. L., c. 14, s. 6, Gen. St., c. 13, s. 6) the secretary of state is required to "forward" one copy of the Supreme Court Reports to each town, and, by the Revised Statutes, c. 11, s. 5, he was required to "furnish" them. He is required to "distribute" copies of the statutes and legislative journals (G. L., c. 4, ss. 7, 11), and by act of July 7, 1826 (Laws 1830, p. 442), to "transmit" them. From the terms of these statutes, by virtue of which the town has possession of the books, it cannot be understood or said that the legislative intent was to give an absolute title to the property, or to invest the towns with the power of dealing with it or disposing of it at pleasure. Forwarded and distributed to the towns, as one mode of publication, the reception and possession of the books by the town, from their very nature, must be for the use of the inhabitants, and the better to enable them, and especially the officers of the town, to acquaint themselves with the law of the land. Receiving and holding the books for such a purpose, the town has no power to divert them from that purpose, or to devote them to other purposes inconsistent with that. Devoting them to any other use, like a sale and an appropriation of the proceeds to the general expenses of the town, or a bailment to an individual for hire or otherwise, by a contract which would prevent the inhabitants from enjoying their use, would be a departure from the objects intended by their distribution, and a violation by the town of the implied conditions upon which they were received.

Whether the town holds the books as trustee for the benefit of its inhabitants, and so has the legal title, or is a mere depositary or bailee at will, and the state can recall them at pleasure, it is not necessary here to decide. In either case the loan of the books to

the defendant for his individual use in a distant city, where the inhabitants of the town could have no access to them, and for an indefinite period of time or till such time as the town might by vote interfere and take them, was inconsistent with the purposes for which the town received and holds the books, and a disposition of them which it had no lawful power to make.  The town having no power to make the contract, its selectmen could not lawfully make it.  It did not bind the town, and was void.  Being a void contract, the selectmen who made it, or their successors, could at any time put an end to it, or ignore it, and recall the books.

Treating the contract as void, or as terminated by demand, the selectmen in 1881 called for the books.  The defendant refused to give them up. and retained them about five years longer, promising to pay for their use if it should be found that he could not hold them under the contract of 1878.  He received the benefit of the possession and use of the books, and for that, and as damages for their detention, the referee has found fifty dollars, and that the plaintiff is entitled to recover.

*Judgment on the report for the plaintiff.*

SMITH, J., did not sit: the others concurred.